STATE of Texas and City of Austin, Petitioners,

v.

Donnie Ruth Moore EDWARDS et al., Respondents.

No. D–3627.

Supreme Court of Texas.

Nov. 24, 1993.

Rehearing Overruled Feb. 2, 1994.

Diana L. Granger, Dan Morales, and John J. Greene, Austin, for petitioners.

Kent A. Sick, Austin and Harold O. Atkinson, San Antonio, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

PER CURIAM.

This case involves the condemnation of a strip of land in connection with the modifications to U.S. Highway 183 in Austin. We described those modifications in some detail in *State v. Schmidt*, 867 S.W.2d 769 (Tex. 1993). In this case the State of Texas and the City of Austin condemned a 1,096–square–foot strip along the highway. The strip is part of a 21,750–square–foot tract of commercial property located a block away from the properties involved in *Schmidt*. The issue here, as it was in *Schmidt*, is whether landowners who have part of their property taken by power of eminent domain to convert a highway into a controlled-access freeway must also be compensated for a decrease in value of the remainder caused by diversion of traffic, increased circuity of travel, lessened visibility, and interim construction inconvenience. 867 S.W.2d 769 (Tex. 1993). There is no dispute over the value of the strip of land actually taken; the challenge concerns only the jury's award of $103,270 as damages to the remainder.

Landowners introduced evidence on the nature and duration of construction activities

and the decrease in market value of the remainder due to the highway modifications, loss of visibility, loss in traffic flow on the frontage roads, and the effects of construction activity. The State and City objected to the admission of evidence of noncompensable "community" damages and requested that the jury be instructed not to consider circuity of travel, diversion of traffic, construction inconvenience, and loss of visibility in assessing damages. The trial court overruled these objections and rendered judgment on the verdict. The court of appeals affirmed. 867 S.W.2d .769.

It appears that the only claims of damage to the remainder are for injuries *Schmidt* holds are noncompensable. For the reasons explained in *Schmidt,* a majority of the Court, without hearing oral argument, grants the application for writ of error, reverses the judgment of the court of appeals, modifies the judgment of the trial court to delete the award of $103,270, and affirms that judgment as modified.